# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY, a/s/o CESSNA AIRCRAFT COMPANY, | )<br>)<br>) |
| Plaintiff, | ) Case No. 15-cv-6902<br>) |
| v. | ) Judge Robert M. Dow, Jr.<br>) |
| YRC, INC., | )<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

"All's well that ends well," the proverb from the Middle Ages made famous by Shakespeare's play of the same name, captures the Court's hopes for the future of this case. To date, the case has presented a struggle for the parties and the Court. Now pending before the Court is Plaintiff's motion for leave to file a third amended complaint [49], in which Plaintiff proposes to correct a regulatory citation and set forth additional supporting statutory and regulatory provisions to support Counts II, III, and IV. Also pending before the Court is Defendant's motion for reconsideration [36] of the Court's prior order denying its motion to dismiss those same counts. Both motions are fully briefed—and, indeed, Defendant's reply in support of its motion for reconsideration has spawned a further request by Plaintiff to file a sur-reply. After careful consideration of all of these materials, the Court concludes that it should allow the filing of the proposed third (and hopefully last) amended complaint, which will fix a target at which Defendant may direct the full panoply of its arguments regarding the broad preemptive sweep of the Carmack Amendment, some of which are previewed below. Accordingly, Plaintiff's motion for leave to file a third amended complaint [49] is granted and

Plaintiff is given until March 13, 2018 to file a third amended complaint correcting the C.F.R citation in Count II and setting forth additional supporting statutory and regulatory provisions in Counts II–IV. Plaintiff's additional request for leave to file a sur-reply is denied as moot. Defendant's motion [36] for reconsideration also is denied as moot in light of the Court's decision to allow Plaintiff an opportunity to amend its complaint. This decision is without prejudice to any arguments—relating to preemption or otherwise—that Defendant may wish to raise in its response to the amended complaint. Given that the parties were able to work out the issues relating to Defendant's recently-filed motion for issuance of letters rogatory [56], the status hearing previously set for March 6, 2018 is stricken and reset to April 19, 2018 at 9:00 a.m., by which time Defendant will have filed its response to Plaintiff's latest amended complaint.

I.      Background

The full background of this case is set forth in the Court's previous opinion, knowledge of which is assumed here. [See 29, at 1–5.] Briefly stated, Plaintiff Starr Indemnity & Liability Company, as subrogee of Cessna Aircraft Company ("Plaintiff"), brings claims against Defendant YRC Inc. ("Defendant") for damage to two jet engines ("the cargo") that Cessna had tendered to Defendant for transportation from Orlando, Florida to Bridgeport, West Virginia in August 2014. [18, at Count I ¶¶ 6–9.] According to Plaintiff, as a result of this damage to the cargo, Plaintiff was compelled to pay its insured, Cessna, the sum of $1,916,413.26. [*Id.*, at Count I ¶ 9.] In its First Amended Complaint,[1] Plaintiff brings four counts against Defendant.

---

[1] After the Court issued its previous opinion denying Defendant's motion to dismiss, Plaintiff filed a second amended complaint [33] to address a potentially incorrect citation identified in the Court's opinion. [See 29, at 2–3 n.1.] Specifically, Plaintiff changed 49 C.F.R. § 392.14(g) in Count II to 49 C.F.R. § 398.4(g)(1). [See 33.] Because the First Amended Complaint and second amended complaint are otherwise identical, the Court will refer and cite to the First Amended Complaint [18] that was the subject of Defendant's motion to dismiss in this background section.

In Count I, Plaintiff alleges liability against Defendant for damage to the cargo, as well as pre-judgment and post-judgment interest, under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706.[2] In Counts II through IV, Plaintiff alleges that Defendant violated the Interstate Commerce Commission Termination Act of 1995 ("ICCTA"), 49 U.S.C. § 14704(a)(2) and 14704(e).[3] Plaintiff alleges that Defendant violated the ICCTA when it violated several Federal Motor Carrier Safety Regulations ("FMCSRs") to which Defendant is subject, including the safe loading requirements of 49 C.F.R. § 398.4(g)(1) (Count II); the requirements to observe driver regulations and conform with speed limits of 49 C.F.R. §§ 390.11 and 392.6 (Count III); and the annual inquiry and review of driving record, maintenance of driver qualification files, and duty to conform to the speed limit requirements of 49 C.F.R. §§ 391.25, 391.51, and 392.6 (Count IV).

Defendant moved to dismiss Counts II, III, and IV of the First Amended Complaint in July 2016. [See 22.] In support of its motion, Defendant argued that Plaintiff's sole and exclusive remedy for damage to cargo transported in interstate commerce (such as the cargo at issue here) is the Carmack Amendment, "to the exclusion of all other sources of law." [23, at 4–5.] Thus, according to Defendant, Counts II, III, and IV of Plaintiff's complaint were subject to

---

[2] The Carmack Amendment, 49 U.S.C. § 14706, "provides shippers with the statutory right to recover for actual losses or injuries to their property caused by carriers involved in the shipment." *Gordon v. United Van Lines, Inc.*, 130 F.3d 282, 286 (7th Cir. 1997). The Carmack Amendment contains limitations on a carrier's liability, *REI Transport, Inc. v. C.H. Robinson Worldwide, Inc.*, 519 F.3d 693, 697 (7th Cir. 2008), and creates "a nationally uniform rule of carrier liability concerning interstate shipments," *N. Am. Van Lines, Inc. v. Pinkerton Sec. Sys., Inc.*, 89 F.3d 452, 454 (7th Cir. 1996). It also "preempt[s] all state and common law remedies covering this subject." *Pinkerton*, 89 F.3d at 454.

[3] Section 14704(a)(2) provides that "[a] carrier or broker providing transportation or service subject to jurisdiction under chapter 135 is liable for damages sustained by a person as a result of an act or omission of that carrier or broker in violation of this part." 49 U.S.C. § 14704(a)(2). Section 14704(e) provides that "[t]he district court shall award a reasonable attorney's fee under this section." 49 U.S.C. § 14704(e).

dismissal because they stem from the same loss of or damage to goods shipped in interstate commerce underlying Plaintiff's Carmack Amendment claim in Count I. See [22], [23].

On January 17, 2017, the Court denied Defendant's motion to dismiss. [See 29.] After considering the background of both the Carmack Amendment and the ICCTA, the Court concluded that Defendant had not provided any support for its argument that the Carmack Amendment preempts another federal statute, namely § 14704(a)(2). [*Id.*, at 10.] Although the Court noted that the Carmack Amendment's preemptive scope is broad and that it does preempt state and common law remedies, the Court also noted that this preemptive scope is not "all-inclusive" and Defendant had not cited to any case law supporting its argument that the Carmack Amendment preempts another federal statute. [*Id.*, at 9–10.] Therefore, although the Court expressed no opinion on the merits of Plaintiff's claims under the ICCTA, the Court declined to dismiss Counts II, III, and IV. The Court also declined to address the issue of whether § 14704 provides a private right of action for violations of the federal regulations that Plaintiff alleges, because Defendant had not raised this challenge in its motion. [*Id.*, at 10.]

Defendant moved [36] the Court to reconsider its previous decision in May 2017. Plaintiff opposed Defendant's motion [43], and Defendant filed a reply [48]. Plaintiff has also moved [49] for leave to file a third amended complaint and a sur-reply to Defendant's reply in support of its motion for reconsideration, which Defendant has opposed [53].

## II.     Legal Standard

Because there has not yet been a final judgment in this case, Rule 54(b) governs Defendant's motion for reconsideration. Under Rule 54(b), "any order or other decision [ ] that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the

entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); see also *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir.), opinion amended on denial of reh'g, 835 F.2d 710 (7th Cir. 1987) (affirming district court's denial of motion to reconsider under Rule 54(b)).

Revisions under Rule 54(b) are discouraged and should be reserved for circumstances in which the initial decision was "clearly erroneous and would work a manifest injustice." See *Ghashiyah v. Frank*, 2008 WL 680203, at *3 (E.D. Wis. Mar. 10, 2008) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)) (internal quotation marks omitted). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *Id.* (citation and internal quotation marks omitted).

Motions to reconsider under Rule 54(b) "are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e)." *Ghashiyah*, 2008 WL 680203, at *3. The Court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial, points to evidence in the record that clearly establishes a manifest error of law or fact, or if the Court previously misunderstood a party's arguments. *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012); *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008). Rule 59(e) "enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Miller*, 683 F.3d at 813 (citation and internal quotation marks omitted). Rule 59(e) motions are "not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier." *Id.* (citation and internal quotation marks omitted). Additionally, "'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to

recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

As to Plaintiff's motion to amend its complaint, leave to amend should "freely" be granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). "This liberal policy of granting amendments is based in part on the belief that decisions on the merits should be made whenever possible, absent countervailing considerations." *Olech v. Vill. of Willowbrook*, 138 F. Supp. 2d 1036, 1040 (N.D. Ill. 2000) (citation omitted). Ultimately, "'[t]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court.'" *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (quoting *Brunt v. Serv. Emps. Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002)).

### III. Analysis

In its opening brief, Defendant makes two primary arguments to support its motion for reconsideration. First, Defendant argues that § 14704 does not create a private right of action to recover damages for loss or damage to cargo transported in interstate commerce.[4] In support of this argument, Defendant contends that the legislative history of § 14704 demonstrates that Congress, in enacting this statute, only intended to transfer private disputes previously within the scope of the Interstate Commerce Commission's ("ICC's") jurisdiction to federal courts; it did not intend to create new private causes of action or remedies where none had previously existed. Because the ICC did not previously have jurisdiction over claims for loss or damage to property resulting from a breach of a contract of carriage, Congress could not have intended to create a private right of action under § 14704 for such claims. And, because Plaintiff's claims in Counts II, III, and IV are really only claiming loss or damage to property resulting from a breach of a

---

[4] Defendant also argues that the Court was mistaken in concluding that Defendant did not make this argument in its original motion to dismiss briefing. [37, at 1.]

6

contract of carriage, these claims are not cognizable under § 14704. [37, at 3–8.] Second, Defendant argues that recognizing a claim under § 14704(a)(2) to recover for what are fundamentally Carmack Amendment claims "would essentially render the Carmack Amendment meaningless," in contravention of binding precedent. [*Id.*, at 8–9.] Plaintiff responds that the legislative history raised by Defendant ultimately is irrelevant because the plain language of § 14704(a)(2) creates an independent federal cause of action for its claims, separate and apart from the Carmack Amendment. [43, at 7–12.] In reply, Defendant raises a plain language argument of its own, contending that (1) § 14704(a)(2) refers to violations of "this part," (2) the "part" of the statute where § 14704 is found refers to Part B of Subtitle IV of Title 49, and (3) the FMCSRs about which Plaintiff complains derive from specific statutory authorizations found in Part B of Subtitle VI of Title 49, and thus are not covered by the plain language of § 14704(a)(2). [48, at 2–3, 8–9.]

After the motion for reconsideration was fully briefed, Plaintiff moved [49] for leave to file a third amended complaint and to file a sur-reply to Defendant's reply brief. Plaintiff requests leave to amend its complaint to correct its reference to 49 C.F.R § 398.4(g)(1) in Count II to instead reference 49 C.F.R. § 392.9, since Plaintiff acknowledges that § 398.4(g)(1) is inapplicable to its claims. [49, at 1.] Plaintiff requests leave to amend its complaint to correct this C.F.R. citation in Count II, "and to set forth supporting statutory and regulatory provisions in Counts II, III, and IV." [*Id.*, at 2.] Plaintiff also requests leave to file a sur-reply to address new arguments in Defendant's reply brief (although it has not specifically identified which new arguments it seeks to address). [*Id.*] Defendant opposes both motions as unnecessary and unwarranted. [See 53.]

7

As an initial matter, the Court need not belabor the dispute over the adequacy of Defendant's prior arguments concerning whether § 14704 creates a separate cause of action on which Plaintiff could rely for its claims in Counts II, III, and IV. It is within the Court's discretion to consider new arguments, or elaborations on old arguments, notwithstanding the detail in which a party has previously pressed the point. See *Anderson v. Cornejo*, 199 F.R.D. 228, 253 (N.D. Ill. 2000). And the arguments regarding the plain language and legislative history of § 14704 present a compelling case in favor of exercising this discretion to consider the merits of Defendant's position and invite Plaintiff's further response to it.

Plaintiff's complaint alleges that Defendant violated § 14704(a)(2) by violating the FMCSRs, promulgated by the Federal Motor Carrier Safety Administration ("FMCSA"), to which it is subject. [See 18.] Section 14704(a)(2) provides that "[a] carrier or broker providing transportation or service subject to jurisdiction under chapter 135 is liable for damages sustained by a person as a result of an act or omission of that carrier or broker in violation of this part." 49 U.S.C. § 14704(a)(2). Some federal courts have held that § 14704(a)(2) "authorizes private actions for damages and injunctive relief to remedy at least some violations of the Motor Carrier Act and its implementing regulations." *Owner-Operator Indep. Drivers Ass'n, Inc. v. New Prime, Inc.*, 192 F.3d 778, 785 (8th Cir. 1999); see also *Fulfillment Servs. Inc. v. United Parcel Serv., Inc.*, 528 F.3d 614, 621 (9th Cir. 2008) ("[T]he plain language of § 14704(a)(2) counsels that there is a private right of action for violations within that part of the Termination Act.").

But, as Defendant points out, § 14704(a)(2) specifically provides that a carrier is liable for damages sustained by a violation of "this part." That phrase, in turn, "refers to Part B of Subtitle IV of Title 49, 49 U.S.C. §§ 13101–14914." *Owner-Operator Indep. Drivers Ass'n, Inc. v. New Prime, Inc.*, 250 F. Supp. 2d 1151, 1156 (W.D. Mo. 2001) (citing 49 U.S.C.

§ 14704(a)(2)). The federal cases that the Court (and Plaintiff) has previously cited as explicitly or implicitly recognizing private rights of action under § 14704(a)(2) have done so in actions involving either alleged violations of statutory provisions in "this part" of the U.S. Code, Part B of Subtitle IV of Title 49, or alleged violations of the FMCSA's "truth-in-leasing" regulations, 49 C.F.R. Part 376, promulgated under statutory authority in "this part" of the U.S. Code, Part B of Subtitle IV of Title 49. See, *e.g.*, *Fulfillment Servs.*, 528 F.3d at 620–21 (holding that § 14704(a)(2) creates a private cause of action for violations of 49 U.S.C. § 13703); *New Prime*, 192 F.3d at 784–85 (recognizing right of action under § 14704(a)(2) for violation of federal truth-in-leasing regulations and noting that these regulations were initially promulgated under 49 U.S.C. §§ 13301 and 14102); *Owner-Operator Indep. Drivers Ass'n, Inc. v. Mayflower Transit, LLC*, 615 F.3d 790, 791 (7th Cir. 2010) (discussing damages claim for violation of federal truth-in-leasing regulations found in 49 C.F.R. Part 376); *Tillman v. Bulkmatic Transp. Co.*, 2006 WL 1793562, at *1 (N.D. Ill. June 27, 2006) (same); *Owner-Operator Indep. Drivers Assoc., Inc. v. Bulkmatic Transport Co.*, 2004 WL 1151555, at *1 (N.D. Ill. May 3, 2004) (same); *New Prime*, 250 F. Supp. 2d at 1152 (same); *Hall v. Aloha Int'l Moving Servs., Inc.*, 2002 WL 1835469, at *15 (D. Minn. Aug. 6, 2002) (assuming without deciding that § 14704(a)(2) permits a private action for damages for violations of 49 U.S.C. § 13702).[5]

---

[5] Other cases that the Court has been able to identify invoking § 14704(a)(2) similarly involve either the federal truth-in-leasing regulations or similar statutory provisions. See, *e.g.*, *Fox v. Transam Leasing, Inc.*, 839 F.3d 1209, 1218 (10th Cir. 2016) (discussing damages claim for violation of federal truth-in-leasing regulations found in 49 C.F.R. Part 376); *Owner-Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co., Inc. (AZ)*, 632 F.3d 1111, 1121–22 (9th Cir. 2011) (same); *Owner-Operator Indep. Drivers Ass'n, Inc. v. Landstar Sys., Inc.*, 622 F.3d 1307, 1325 (11th Cir. 2010) (same); *Owner-Operator Indep. Drivers Ass'n v. United Van Lines, LLC*, 556 F.3d 690, 692 (8th Cir. 2009) (same); *Derolf v. Risinger Bros. Transfer, Inc.*, 259 F. Supp. 3d 876, 885–86 (C.D. Ill. 2017) (same); *Shimko v. Jeff Wagner Trucking, LLC*, 2014 WL 7525657, at *3–4 (W.D. Wis. Mar. 10, 2014) (same); *Mervyn v. Nelson Westerberg, Inc.*, 2012 WL 6568338, at *2 (N.D. Ill. Dec. 17, 2012) (same); see also *Mitsui O.S.K. Lines, Ltd. v. Evans Delivery Co., Inc.*, 948 F. Supp. 2d 406, 413 (D.N.J. 2013) (noting that the ICCTA "allows for a private cause of action against motor carriers for charges in excess of a filed tariff rate").

The Court's research has not identified any § 14704(a)(2) cases involving alleged violations of the FMSCRs (or allegations of lost or damaged goods). Moreover, the FMSCRs that Plaintiff cites to in support of its claims in Counts II, III, and IV appear to have been largely promulgated under statutory authority found in Part B of Subtitle VI in Title 49—a different part of the U.S. Code from "this part" referenced in § 14704(a)(2). See 49 C.F.R. § 390.11 (citing as authority 49 U.S.C. §§ 504, 508, 31132–31134, 31136, 31137, 31144, 31151, and 31502); 49 C.F.R. §§ 391.25, 391.51, (citing as authority 49 U.S.C. §§ 504, 508, 31133, 31136, 31149, and 31502); 49 C.F.R. §§ 392.6, 392.9[6] (citing as authority 49 U.S.C. §§ 504, 13902, 31136, 31151, and 31502). This plain language argument regarding § 14704(a)(2)'s scope—when considered along with the dearth of case law invoking the FMSCRs in § 14704(a)(2) actions and Defendant's other arguments—suggests that Plaintiff's claims in Counts II, III, and IV of its complaint may not be viable.

But, as explained above, Defendant did not fully develop this plain language argument until its reply brief. [See 48, at 2–3, 8–9.] As such, Plaintiff has not had an adequate opportunity to respond.[7] In a similar vein, it is within the Court's discretion to allow Plaintiff to amend its complaint as Plaintiff has requested. Plaintiff's stated basis for this request was to "correct the C.F.R. citation" in Count II (which it acknowledges is incorrect in the operative complaint), and "to set forth supporting statutory and regulatory provisions in Counts II, III, and IV." [49, at 2.]

---

[6] Because the Court will allow Plaintiff to amend its complaint to reference 49 C.F.R. § 392.9, [see 49], the Court addresses this correct citation rather than the incorrect citation to 49 C.F.R § 398.4(g)(1) that is in the operative complaint. [See 33.]

[7] In its opposition to Plaintiff's motion, Defendant contends that its reply presented no new arguments and merely "emphasized and expanded upon certain arguments from its supporting memorandum" and "presented additional case law and statutory authority to support its positions and contradict Plaintiff's arguments." [53, at 3.] While Plaintiff's opposition to the reconsideration motion did discuss the plain language of § 14704(a)(2), it was only in its reply brief that Defendant made this very specific argument regarding the language of the statute itself (rather than its legislative history or its relationship to the Carmack Amendment) completely foreclosing Plaintiff's claims in Counts II, III, and IV.

Plaintiff has not provided any detail as to what these supporting provisions are. But, if Plaintiff believes it can set forth a viable cause of action under § 14704(a)(2) in Counts II, III, and IV with these additional citations, then the Court will give Plaintiff a chance to do so. Defendant will then be able to respond to this amended complaint with any arguments that it has available to it, and Plaintiff will have an opportunity in turn to respond to those arguments. This will allow a full adversarial presentation of this issue for the Court, which will in turn allow for a decision on the merits as is preferred. *Olech*, 138 F. Supp. 2d at 1040.

## IV. Conclusion

For the foregoing reasons, the Court grants relief as follows: Plaintiff's motion [49] is granted in part and denied in part. Plaintiff is given until March 13, 2018 to file a third amended complaint correcting the C.F.R citation to 49 C.F.R. § 398.4(g)(1) and setting forth additional supporting statutory and regulatory provisions in Counts II, III, and IV. Plaintiff's further request for leave to file a sur-reply is denied as moot. Defendant's motion [36] for reconsideration of the Court's January 17, 2017 order is denied without prejudice as moot in light of the Court's decision to allow Plaintiff a further opportunity to amend its complaint. This decision is without prejudice to any arguments—relating to preemption or otherwise—that Defendant may wish to raise in its response to the amended complaint. Given that the parties were able to work out the issues relating to Defendant's recently-filed motion for issuance of letters rogatory [56], the status hearing previously set for March 6, 2018 is stricken and reset to April 19, 2018 at 9:00 a.m., by which time Defendant will have filed its response to Plaintiff's latest amended complaint.

Date: February 15, 2018

_____
Robert M. Dow, Jr.
United States District Judge