# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY a/s/o CESSNA AIRCRAFT COMPANY, | Case No. 15-cv-6902 |
| Plaintiff, | Judge Robert M. Dow, Jr. |
| v. | |
| YRC, INC., | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court grants both Defendant's motion to dismiss Counts II and III of Plaintiff's Third Amended Complaint [67] and Plaintiff's motion for leave to file a sur-reply [78]. The case is set for further status on January 10, 2019 at 9:00 a.m.

I. **Background**[1]

The full background of this case is set forth in the Court's previous opinions, knowledge of which is assumed here. See [29]; [62]. In brief, as subrogee of Cessna Aircraft Company, Plaintiff Starr Indemnity & Liability Company ("Plaintiff") brings claims against Defendant YRC Inc. ("Defendant") for damage to two jet engines ("the cargo") that Cessna had tendered to Defendant for transportation from Orlando, Florida to Bridgeport, West Virginia in August 2014. [66, ¶¶ 6–9, 17.] As a result of this damage, Plaintiff states that it paid its insured, Cessna, the sum of $1,916,431.26. [*Id.* ¶ 37.]

---

[1] For purposes of the motion to dismiss, the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

In Count I of Plaintiff's First Amended Complaint,[2] Plaintiff sought to recover for damage to the cargo, as well as pre- and post-judgment interest, under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. [18, at Count I ¶¶ 6–12.] In Counts II through IV, Plaintiff alleged that Defendant violated the Interstate Commerce Commission Termination Act of 1995 ("ICCTA"), 49 U.S.C. § 14704(a)(2) and 14704(e). [18, at Counts II–IV.] Plaintiff alleged that Defendant violated the ICCTA by failing to comply with several Federal Motor Carrier Safety Regulations ("FMCSRs") to which Defendant is subject, including (1) the safe loading requirements of 49 C.F.R. § 398.4(g)(1); (2) the requirements to observe driver regulations and conform with speed limits of 49 C.F.R. §§ 390.11 and 392.6; and (3) the annual inquiry and review of driving record, maintenance of driver qualification files, and duty to conform to the speed limit requirements of 49 C.F.R. §§ 391.25, 391.51, and 392.6. [*Id.*]

Defendant moved to dismiss Counts II–IV of the First Amended Complaint in July 2016. [See 22.] In support of its motion, Defendant argued that Plaintiff's sole and exclusive remedy for damage to cargo transported in interstate commerce (such as the cargo at issue here) is the Carmack Amendment, "to the exclusion of all other sources of law." [23, at 4–5.] Thus, according to Defendant, Counts II–IV of Plaintiff's complaint were subject to dismissal because they stemmed from the same loss of, or damage to, goods shipped in interstate commerce underlying Plaintiff's Carmack Amendment claim in Count I. See [22], [23].

On January 17, 2017, the Court denied Defendant's motion to dismiss. [See 29.] After considering the background of both the Carmack Amendment and the ICCTA, the Court concluded that Defendant had not provided any support for its argument that the Carmack Amendment preempted another federal statute, namely § 14704(a)(2). [*Id.* at 10.] Although the Court noted

---

[2] Plaintiff's First and Second Amended Complaints were essentially identical, with the correction of one potentially incorrect citation the only difference. [62, at 2 n.1.]

that the Carmack Amendment's preemptive scope is broad and that it does preempt state and common law remedies, the Court concluded that this preemptive scope is not "all inclusive" and that Defendant had not cited to any case law supporting its argument that the Carmack Amendment preempted another federal statute. [*Id.* at 9–10.] Therefore, although the Court expressed no opinion on the merits of Plaintiff's claims under the ICCTA, the Court declined to dismiss Counts II–IV on preemption grounds. The Court also declined to address the issue of whether § 14704 provided a private right of action for violations of the federal regulations that Plaintiff alleged, because Defendant had not raised this challenge in its motion. [*Id.* at 10.]

Defendant moved the Court to reconsider its decision in May 2017. [See 36.] Plaintiff opposed Defendant's motion [43], and Defendant filed a reply [48]. Plaintiff also moved for leave to file a third amended complaint and to file a sur-reply to Defendant's reply in support of its motion for reconsideration [49], which Defendant opposed [53]. In its reply brief, Defendant raised, for the first time, the argument that the plain language of § 14704(a) precluded the claims contained within Counts II–IV. See [48, at 2–3, 8–9]; [62, at 10]. Because Defendant had not fully developed this plain language argument until its reply brief, the Court concluded that the best course of action would be to allow Plaintiff to file an amended complaint and allow the issue to be fully litigated. [*Id.* at 10–11.] Consequently, the Court granted Plaintiff leave to file a third amended complaint, denied Plaintiff leave to file a sur-reply, and denied Defendant's motion to reconsider without prejudice to raising any arguments related to the plain language of § 14704 in opposition to the Third Amended Complaint. [62, at 11.]

In its Third Amended Complaint, Plaintiff now brings three counts against Defendant. Count I contains the same Carmack Amendment claim as the First Amended Complaint. [66, ¶¶ 5–12.] Likewise, Counts II and III once again seek to state claims under the ICCTA, 49 U.S.C.

§§ 14704(a)(2) and 14704(e), now for non-compliance with 49 C.F.R. §§ 392.2, 392.6, 392.9(a–b), and 393.100–93.136 (collectively "the Relevant FMCSRs"). [*Id.* at 4–16.] Defendant has moved to dismiss Counts II and III of the Third Amended Complaint. [See 67.] Plaintiff has responded [72] and Defendant has replied [77]. Plaintiff also has requested leave to file a sur-reply. [78.]

## II. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). Evaluating whether a "claim is sufficiently plausible to survive a motion to dismiss is 'a context-specific task

that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)).

### III. Analysis

The parties dispute whether certain subsections of the ICCTA, specifically 49 U.S.C. §§ 14704(a)(2) and 14704(e), provide a private right of action for violations of the Relevant FMCSRs. The key question is the authority under which the Relevant FMCSRs were promulgated.[3] Defendant asserts that the Relevant FMCSRs were promulgated under the authority of Chapters 311–317 in Part B of Subtitle VI of Title 49, *i.e.* 49 U.S.C. §§ 31100–31708 ("Part B of Subtitle VI"). [68, at 1–2.] Plaintiff counters that the Relevant FMCSRs were promulgated, at least in part, under 49 U.S.C. § 13902, which falls within Part B of Subtitle IV of Title 49, *i.e.* 49 U.S.C. §§ 13101–14901 ("Part B of Subtitle IV").[4] [72, at 2.] If Plaintiff is correct, then § 14704 provides a private right of action against Defendant for its alleged noncompliance with the Relevant FMCSRs. However, for the reasons explained below, the Court concludes that the Relevant FMCSRs were not promulgated under Part B of Subtitle IV. Consequently, § 14704 does not provide a private right of action for violations of the Relevant FMCSRs and Counts II and III do not state a claim.

---

[3] A substantial portion of the parties' briefing addressed various arguments regarding whether the Carmack Amendment provides the sole source of relief in a case such as this one. However, because the Court has determined that Plaintiff cannot state a claim for the alleged violation of the Relevant FMCSRs under § 14704, see Section III(B) *infra*, the Court need not address that broader question.

[4] The authority citation for 49 C.F.R. Part 393 does not cite § 13902 or any other section within Part B of Subtitle IV. In fact, it lists 49 U.S.C. §§ 31136, 31151, and 31502—all of which fall within Part B of Subtitle VI—among others. 49 C.F.R. Part 393 (authority citation). Plaintiff argues that § 392.2, which allegedly was promulgated under Part B of Subtitle IV, incorporated these sections by reference, rendering them actionable under § 14704(a). [72, at 2, 5–6.] Because the Court concludes that § 392.2 was not promulgated under § 13902, see *infra* Section III(B), it need not address that argument.

### A. 49 U.S.C. § 14704

Section 14704(a)(2) provides that "[a] carrier or broker providing transportation or service subject to jurisdiction under chapter 135 is liable for damages sustained by a person as a result of an act or omission of that carrier or broker in violation of this part." 49 U.S.C. § 14704(a)(2).[5] The Seventh Circuit and other courts of appeals have held that § 14704(a)(2) allows individuals to "bring civil actions against carriers or agents for violations of legal rights established under the [Motor Carrier Act] or regulations." *Mervyn v. Atlas Van Lines, Inc.*, 882 F.3d 680, 681–82 (7th Cir. 2018) (citing 49 U.S.C. § 14704(a)(2)); see also *Fulfillment Servs. Inc. v. United Parcel Serv., Inc.*, 528 F.3d 614, 621 (9th Cir. 2008) ("[T]he plain language of § 14704(a)(2) counsels that there is a private right of action for violations within that part of the Termination Act."); *Owner-Operator Indep. Drivers Ass'n, Inc. v. New Prime, Inc.*, 192 F.3d 778, 785 (8th Cir. 1999) ("[§ 14704(a)(2)] authorizes private actions for damages and injunctive relief to remedy at least some violations of the Motor Carrier Act and its implementing regulations").

However, § 14704(a)(2) specifically provides that a carrier is liable for damages caused by a violation of "this part." 49 U.S.C. § 14704(a)(2). As the Court explained in its previous opinion, the plain language of that phrase clearly "refers to Part B of Subtitle IV of Title 49, 49 U.S.C. §§ 13101–14914." *Starr Indem. & Liab. Co. v. YRC, Inc.*, 2018 WL 905523, at *3 (N.D. Ill. Feb. 15, 2018) (citing *Owner-Operator Indep. Drivers Ass'n, Inc. v. New Prime, Inc.*, 250 F. Supp. 2d 1151, 1156 (W.D. Mo. 2001), and 49 U.S.C. § 14704(a)(2)). Thus, to state a claim under § 14704(a), Plaintiff must point to a violation of Part B of Subtitle IV or regulations promulgated thereunder.

---

[5] Given that § 14704(e) merely provides for the recovery of attorney fees in successful actions under § 14704(a), Plaintiff may state a claim under § 14704(e) if it has a claim under § 14704(a). 49 USC § 14704(e).

As an initial matter, the Court has not been able to locate, nor has Plaintiff cited, any cases seeking relief under § 14704(a)(2) involving alleged violations of any FMSCR or allegations of lost or damaged goods. Additionally, as the Court previously explained, the federal cases that Plaintiff previously has cited as explicitly or implicitly recognizing a private right of action under § 14704(a)(2) involved either alleged violations of the statutory provisions of "this part" of the U.S. Code, Part B of Subtitle IV, or alleged violations of the "truth-in-leasing" regulations set by the Federal Motor Carrier Safety Administration ("FMCSA"), 49 C.F.R. Part 376, which were promulgated under the statutory authority of "this part" of the U.S. Code, Part B of Subtitle IV. See *Starr Indem. & Liab. Co.*, 2018 WL 905523, at *4 (collecting cases).

Nonetheless, Plaintiff asserts that the Relevant FMCSRs were promulgated under 49 U.S.C. § 13902—which falls within Part B of Subtitle IV—rendering any violations of the Relevant FMCSRs actionable under § 14704(a)(2). In support of this claim, Plaintiff points to the authority citation for 49 C.F.R. Part 392 ("Part 392"):

> Authority: 49 U.S.C. 504, 13902, 31136, 31151, 31502; Section 112 of Pub.L. 103–311, 108 Stat. 1673, 1676 (1994), as amended by sec. 32509 of Pub.L. 112–141, 126 Stat. 405, 805 (2012); sec. 5524 of Pub.L. 114–94, 129 Stat. 1312, 1560; and 49 CFR 1.87.

Plaintiff asserts that the authority citation conclusively establishes that the Relevant FMCSRs—which all fall within or were allegedly incorporated by Part 392—were promulgated under 49 U.S.C. § 13902. [72, at 7–8.] Defendant points to the Federal Register entries that initially codified the Relevant FMCSRs, which do not include citations to § 13902, as proof to the contrary. [68, at 4–6.]

Both parties are correct at least in part. At least one regulation within Part 392 was promulgated under § 13902; however, the Relevant FMCSRs were not.

### B. 49 C.F.R. Part 392

Section 21.40 of Title 1 of the Code of Federal Regulations ("the CFR") states "[e]ach section in a document subject to codification must include, or be covered by, a complete citation of the authority under which the section is issued * * *." 1 C.F.R. § 21.40. Therefore, agencies must "present a centralized authority citation * * * at the end of the table of contents for a part or after each subpart heading within the text of a part" in their codified materials. 1 C.F.R. § 21.43(b). However, the "[c]itations of authority for particular sections may [, or may not,] be specified within the centralized authority citation." *Id*.

Additionally, every agency must formally amend the authority citations in their codified material to reflect any changes in the regulations or the authority under which they are promulgated. 1 C.F.R. § 21.41(b). Importantly for this case,

> The requirements for placing authority citations vary with the type of amendment the agency is making in a document. * * * If a document sets out an entire CFR part, the agency shall place the complete authority citation directly after the table of contents and before the regulatory text. If a document amends only certain sections within a CFR part, the agency shall present the complete authority citation to this part as the first item in the list of amendments. If the authority for issuing an amendment is the same as the authority listed for the whole CFR part, the agency shall simply restate the authority. If the authority for issuing an amendment changes the authority citation for the whole CFR part, the agency shall revise the authority citation in its entirety. The agency ***may*** specify the particular authority under which certain sections are amended in the revised authority citation.

1 C.F.R. §§ 21.43(a)(1–2) (emphasis added). Because an authority citation covers an entire part and may or may not specify which authorities correspond with which regulations within that part, the fact that a statute appears in the authority citation of a given part of the CFR does not conclusively establish, as Plaintiff asserts, that every regulation within that part was promulgated under that statute *Cf. Paralyzed Veterans of Am. v. U.S. Dep't of Transportation*, 286 F. Supp. 3d 111, 114–116 (D.D.C. 2017) (disregarding a rule's authority citation and concluding that the rule was issued under a mistakenly omitted authority for purposes of ascertaining the court's

jurisdiction under a direct-review statute). Here, the history of Part 392's authority citation shows that the Relevant FMCSRs were not promulgated under § 13902.

Section 13902 first appeared in Part 392's authority citation after the FMCSA issued an interim final rule prohibiting motor carriers subject to the registration requirements of § 13902 from operating a commercial motor vehicle in interstate commerce without registering with the FMCSA. 67 FR 55162, 55165 (Aug. 28, 2002); compare 49 C.F.R. Part 392 (Oct. 2001) ("AUTHORITY: 49 U.S.C. 31136 and 31502; and 49 CFR 1.73"); with 49 C.F.R. Part 392 (Oct. 2002) ("AUTHORITY: 49 U.S.C. 13902, 31136, 31502; and 49 CFR 1.73."). The text of that interim final rule—codified at 49 C.F.R. § 392.9a, directly referenced § 13902: "A motor vehicle providing transportation requiring registration under 49 U.S.C. 13902 may not be operated without the required registration or operated beyond the scope of its registration."[6] 67 FR at 55165 (creating 49 C.F.R. § 392.9a(a)).

All the Relevant FMCSRs within Part 392 were initially codified well before the addition of § 392.9a in August 2002,[7] and were not edited in any way by the rulemaking that added § 392.9a, 67 FR at 55165. Additionally, although § 392.9 was last substantively edited in September 2002—after the addition of § 13902 to Part 392's authority citation and thus theoretically promulgated under § 13902—that September 2002 rulemaking explicitly stated, "The authority citation for part 392 continues to read as follows: Authority: 49 U.S.C. 31136 and 31502;

---

[6] After revisions in 2006 and 2016, § 392.9a(a) now reads "Operating authority required. A motor vehicle providing transportation requiring operating authority must not be operated—(1) Without the required operating authority or (2) Beyond the scope of the operating authority granted." 49 C.F.R. § 392.9a(a).

[7] Section 392.2 was first codified on May 21, 1970, and last amended on July 28, 1995. 49 C.FR. § 392.2 (2017). Section 392.6 was first codified on December 25, 1968, and last amended on July 28, 1995. 49 C.FR. § 392.6 (2017). Finally, Section § 392.9 has existed in some form since at least 1970, 49 C.F.R. § 392.9 (1970), though it was substantively edited in September 2002, 49 C.FR. § 392.9 (2017) (crediting a 2002 rulemaking for the regulation's text).

and 49 CFR 1.73."[8] 67 FR 61212, 61224 (Sept. 7, 2002). Furthermore in 2007, the last time that the text of § 392.9 was edited in any way, the rulemaking again stated, "The authority citation for part 392 continues to read as follows: Authority: 49 U.S.C. 322, 31136, and 31502; section 1041(b) of Pub. L. 102-240, 105 Stat. 1914, 1993 (1991); and 49 CFR 1.73." 72 FR 55697, 55703 (Oct. 1, 2007). Given that § 13902 appeared in Part 392's authority citation at least five years before that revision, § 392.9 cannot have been promulgated under § 13902.

Additionally, in view of the requirement that agencies update the authority citations of their codified material any time the authority for that material changes, 1 C.F.R. § 21.41(b), the fact that the FMCSA did not add § 13902 to Part 392's authority citation until the codification of § 392.9a in 2002, despite the fact that § 13902 was first codified in 1995, see ICCTA, H.R. 2539, 104th Cong. § 103 (1995), confirms that neither § 392.2 nor § 392.6 were promulgated under § 13902. That § 13902 appears in Part 392's authority citation as the authorization for at least one section within that part—namely § 392.9a—does not change the analysis. 1 C.F.R. § 21.43. In sum, since the Relevant FMCSRs were not promulgated under § 13902, the only question is whether any of the other authorities now listed in Part 392's authority citation fall within or were promulgated under Part B of Subtitle IV.

As noted above, the authority citation for Part 392 lists four statutes other than § 13902—49 U.S.C. §§ 504, 31136, 31151, and 31502—and one other provision of the CFR, 49 C.F.R. § 1.87. 49 C.F.R. Part 392 (2017) (authority citation).[9] None of the other statutes falls within Part

---

[8] In August 2012, § 1.73 was re-codified as § 1.87 whether it remains today. 77 FR 49964, 49982 (Aug. 17, 2012); 49 C.F.R. § 1.87 (2017).

[9] The authority citation also lists three enacted federal bills. 49 C.F.R. Part 392 (2017) (authority citation) ("Section 112 of Pub.L. 103–311, 108 Stat. 1673, 1676 (1994), as amended by sec. 32509 of Pub.L. 112–141, 126 Stat. 405, 805 (2012); sec. 5524 of Pub.L. 114–94, 129 Stat. 1312, 1560"). However, each of the bills simply order the Secretary of Transportation to make various revisions to sections of Part 392 irrelevant to the current analysis. See, e.g., Section 112 of Pub.L. 103–311, 108 Stat. 1673, 1676 (1994) (ordering

B of Subtitle IV. Similarly, § 1.87 of the CFR simply details the authority of the FMCSA and was promulgated under Chapter 3 of Subtitle I of Title 49 of the United States Code. 49 C.F.R. § 1.87 (Oct. 2017) (citing 49 U.S.C. § 322 as authority).

In sum, in view of the facts that (1) the Relevant FMCSRs were not promulgated under § 13902 and (2) none of the other provisions within Part 392's authority citation falls within or was promulgated under Part B of Subtitle IV, the Relevant FMCSRs could not have been promulgated under Part B of Subtitle IV. The absence of any case in which violations of FMCSRs have been recognized as claims under the ICCTA supports this conclusion. And because the Relevant FMCSRs were not promulgated under Part B of Subtitle IV, Plaintiff may not state a claim under § 14704 for their violation. 49 U.S.C. § 14704(a)(2). The Court therefore grants Defendant's motion to dismiss Counts II and III.

### IV. Defendant's Motion for Leave to file a Sur Reply

On June 8, 2018, a month after the motion to dismiss was fully briefed, Plaintiff filed a motion requesting leave to file a sur-reply. [77], [78]. Plaintiff attached the proposed sur-reply to its motion. [78-1.] Having considered the proposed sur-reply in the disposition of Defendant's motion to dismiss, the Court grants Plaintiff's motion. *Johnny Blastoff, Inc. v. L.A. Rams,* 188 F.3d 427, 439 (7th Cir. 1999) (whether to grant a motion for leave to file a sur-reply lies within a district court's discretion).

### V. Conclusion

For the foregoing reasons, Defendant's motion to dismiss [67] and Plaintiff's motion for leave to file a sur-reply [78] are granted. Counts II and III are dismissed for failure to state a claim

---

the Secretary of Transportation to revise certain regulations related to grade crossing safety); Section 32509 of Pub.L. 112–141, 126 Stat. 405, 805 (2012) (same); Section 5524 of Pub.L. 114–94, 129 Stat. 1312, 1560 (2015) (ordering the Secretary of Transportation to revise certain regulations related to "exemptions from requirements for certain welding trucks used in pipeline industry").

upon which relief may be granted. The case is set for further status on January 10, 2019 at 9:00 a.m.

Dated: December 26, 2018

_____
Robert M. Dow, Jr.
United States District Judge